# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DeANTHONY MULDROW,

      Plaintiff,

  v.                                   Case No. 18-CV-694

SANDRA PEDERSON and
KEVIN MULLER,

      Defendants.

---

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

---

DeAnthony Muldrow filed this civil rights complaint under 28 U.S.C. § 1983, alleging that some of his extended supervision conditions violate his civil rights. He also filed a motion for leave to proceed without prepayment of the filing fee. I have jurisdiction to resolve Mulrow's motion to proceed without prepayment of the filing fee and to screen the complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. I will grant his motion to proceed without prepayment of the filing fee, but because his challenge to conditions of supervision should be brought in a petition for a writ of habeas corpus, I will dismiss his lawsuit.

*1.  Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner

pay an initial partial filing fee. On May 11, 2018, I ordered Muldrow to pay an initial partial filing fee of $21.03, which he paid on May 29, 2018. Accordingly, I will grant Muldrow's motion. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening of the Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In his complaint, Muldrow alleges that two of his supervision requirements—no internet access and no smart phone—violate his rights. He alleges that he contested these conditions, arguing they are irrelevant to his underlying offense. However, a § 1983 lawsuit is not the appropriate way to challenge extended supervision conditions. Rather, Muldrow must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Conditions of supervision are considered a form of custody, and that means that a challenge to those conditions is an attack on the fact or duration of a plaintiff's confinement, which "is the traditional function of the writ of habeas corpus." *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977).

I will include a copy of the form Muldrow can use if he wishes to pursue a petition for a writ of habeas corpus. However, my including this form does not indicate my opinion on whether Muldrow can or should bring a habeas petition or my opinion on the merits of his claims. There are many things he should consider, including the consequences of filing a habeas petition, and I direct him to the statute, 28 U.S.C. § 2254, as well as the Rules Governing Section 2254 Cases in the United States District Courts. *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005).

Muldrow also filed a motion to amend his complaint—asking to add a supervisor—as well as a motion to supplement (again, asking to add someone higher up the ladder than his originally named defendants), which also included a request for an attorney. I will deny both motions to amend or supplement his complaint. I will also deny his motion to appoint counsel; having an attorney would not change the fact that a § 1983 lawsuit is not the mechanism for challenging supervision conditions.

**NOW, THEREFORE, IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that the plaintiff's motion amend his complaint (Docket # 7) is **DENIED**.

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel and supplement (Docket # 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $348.97 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or

federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

Dated in Milwaukee, Wisconsin, this 3rd day of October, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge